**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*
By: John D. Shea, Esquire
By: Stephanie L. Greenfield Esquire
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ  08002
(856) 854-3636
Attorneys for Defendants,
Advanced Mold Diagnostics, LLC
& Craig Camel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MICHAEL SHELLITO and LAURA SNYDER,

          Plaintiffs,

    vs.

ADVANCED MOLD DIAGNOSTICS, LLC;
CRAIG CAMEL; JOHN DOES 1-10; and ABC
CORPORATIONS 1-10; individually, jointly,
severally and in the alternative,

          Defendants.

Civil Action No. 1 :11-cv-07611-RBK-AMD

**ANSWER, AFFIRMATIVE DEFENSES
AND JURY DEMAND IN RESPONSE
TO PLAINTIFFS' COMPLAINT BY
DEFENDANTS  ADVANCED MOLD
DIAGNOSTICS, LLC &
CRAIG CAMEL**

Defendants, Advanced Mold Diagnostics, LLC & Craig Camel (hereinafter, "Answering Defendants"), by and through their attorneys, Litchfield Cavo LLP, hereby answer the Complaint as follows:

### FACTS COMMON TO ALL COUNTS

1.     Admitted upon information and belief.

2.     Admitted.

3.     Admitted.

4.     Denied.   After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and they are therefore denied.

5.     Denied.   After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and they are therefore denied.

6.     Admitted in Part, Denied in Part.   The allegations contained in this paragraph are admitted only to the extent that Plaintiffs contacted Defendant Advanced Mold Diagnostics and that Defendant Advanced Mold Diagnostics maintains a website which contains information about its business.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations that plaintiffs relied on the website as a basis for contacting Defendant Advanced Mold Diagnostics, and therefore, they are denied.

7.     Admitted in Part; Denied in Part.   The allegations contained in this paragraph are admitted only to the extent that Defendant Craig Camel spoke with Plaintiffs about the problems with their home.  After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and they are therefore denied.  By way of further response, to the extent to the allegations are conclusions of law, no response is required.

8.     Admitted in Part; Denied in Part.   The allegations contained in this paragraph are admitted only to the extent that Defendant Craig Camel spoke with Plaintiffs about the problems with their home.  The scope of work to be performed was

2

set forth in a written proposal. As that is a document in writing, any characterization and/or mischaracterization of the proposal is denied. By way of further response, to the extent to the allegations are conclusions of law, no response is required.

9.      Admitted in Part; Denied in Part. The allegations contained in this paragraph are admitted only to the extent that Defendant Craig Camel spoke with Plaintiffs about the problems with their home. The scope of work to be performed was set forth in a written proposal. As that is a document in writing, any characterization and/or mischaracterization of the proposal is denied. By way of further response, to the extent to the allegations are conclusions of law, no response is required.

10.     The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations are deemed averments of fact, Answering Defendants admit only that the parties executed the proposal for the work to be performed. The proposal is a document in writing which speaks for itself, and any characterizations and/or mischaracterizations of the terms and/or conditions of the proposal are denied.

11.     The allegations of this paragraph constitute conclusions of law to which no further response is required. To the extent the allegations are deemed averments of fact, Answering Defendants admit only that work started in the Spring of 2011. Answering Defendants deny any claims of deficiency in the work performed as alleged in sub-parts (a)-(f) and demand strict proof thereof at trial.

12.     Admitted in Part; Denied in Part. It is admitted that plaintiffs and Defendant Camel spoke during the course of the project. After reasonable investigation,

Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and they are therefore denied.

13.     The allegations of this paragraph are conclusion of law to which no further response is required.    To the extent a response is deemed required, Answering Defendants deny the allegations.

14.     Denied.    After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and they are therefore denied.

15.     The allegations of this paragraph are conclusion of law to which no further response is required.    To the extent a response is deemed required, Answering Defendants deny the allegations.

16.     Denied.    After reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and they are therefore denied.

17.     The allegations of this paragraph are conclusion of law to which no further response is required.    To the extent a response is deemed required, Answering Defendants deny the allegations.

18.     The allegations of this paragraph are conclusion of law to which no further response is required.    To the extent a response is deemed required, Answering Defendants deny the allegations.

<u>**COUNT ONE**</u>
<u>**NEGLIGENCE**</u>

1.     Answering Defendants incorporate their responses to each of the paragraphs above as though set forth herein at length.

4

2.      Denied as a conclusion of law to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as the Court deems just and proper.

## COUNT TWO
## BREACH OF CONTRACT

1.      Answering Defendants incorporate their responses to each of the paragraphs above as though set forth herein at length.

2.      Denied as a conclusion of law to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as the Court deems just and proper.

## COUNT THREE
## CONSUMER FRAUD

1.      Answering Defendants incorporate their responses to each of the paragraphs above as though set forth herein at length.

2.      Denied as a conclusion of law to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations.

3.      This paragraph, and each subpart (a)-(e), are denied as a conclusion of law to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as the Court deems just and proper.

## COUNT FOUR
## COMMON LAW FRAUD

1.　　Answering Defendants incorporate their responses above as though set forth herein at length.

2.　　This paragraph, and each subpart (a)-(d)  are denied as a conclusion of law to which no response is required.　To the extent a response is deemed required, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as the Court deems just and proper.

## COUNT FIVE
## PIERCING THE CORPORATE VEIL

1.　　Defendant Craig Camel incorporates his responses above as though set forth herein at length.

2.　　This paragraph, and each subpart (a)-(e), are denied as a conclusion of law to which no response is required.　To the extent a response is deemed required, Defendant Craig Camel denies the allegations.

WHEREFORE, Defendant Craig Camel demands judgment in his favor together with interest and costs and such other and further relief as the Court deems just and proper.

## COUNT SIX

## JOHN DOES AND ABC CORPORATION

1.      Answering Defendants incorporate their responses to each paragraph above as though set forth herein at length.

2.      The allegations of this paragraph are directed to defendants other than Answering Defendants herein, and therefore, no response is required.  To the extent a response is deemed required, after reasonable investigation, Answering Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of these allegations and they are therefore denied.

## COUNT SEVEN
## RESPONDEAT SUPERIOR

1.      Answering Defendants incorporate their responses above as though set forth herein at length.

2.      Denied as a conclusion of law to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as the Court deems just and proper.

## COUNT EIGHT
## JOINT AND SEVERAL LIABILITY

1.      Answering Defendants incorporate their responses above as though set forth herein at length.

2.      Denied as a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant Craig Camel denies the allegations.

WHEREFORE, Answering Defendants demand judgment in their favor together with interest and costs and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Answering Defendants, Advanced Mold Diagnostics, LLC and Craig Camel, by and through their attorneys, assert the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs were negligent thereby barring or reducing any recovery in accordance with the doctrine of comparative negligence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by failure of consideration.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by fraud in the procurement, material misrepresentation and failure to disclose the prior condition of the property.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by consent and release.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the entire controversy doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants did not owe any duty to the Plaintiffs.  In the alternative, if any duty was owed, then there was no breach of that duty by Answering Defendants.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages and/or losses, if any, were caused in whole or in part by the acts or omissions of third parties, or God, for whose conduct the Answering Defendants are not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrines of consent and release.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for the failure to join an indispensable party.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of spoliation of evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

Answering Defendants acted in a reasonable, proper and prudent manner.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are speculative in nature and are not certain.

## TWENTIETH AFFIRMATVIE DEFENSE

Answering Defendants did not commit fraud.

## TWENTY FIRST AFFIRMATVIE DEFENSE

Answering Defendants reserve the right to supplement these defenses as discovery continues.

## JURY TRIAL DEMAND

Answering Defendants demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), John D. Shea is hereby designated trial counsel for the Defendants, Advanced Mold Diagnostics, LLC and Craig Camel.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is willfully false, I may be subject to punishment.

**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*

BY:  /s/ John D. Shea
      John D. Shea, Esquire
      Stephanie L. Greenfield, Esquire
      Attorneys for Defendants,
      Advanced Mold Diagnostics, LLC &
      Craig Camel

Dated: January 13, 2012